UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No. 04-1216DPW

| | |
|---|---|
| MINISTER PRACTIONER<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| SHARLENE PALMACHUK<br>    Defendants | )<br>) |

DEFENDANT SHARLENE PALMACHUCK'S ANSWER TO PLAINTIFF'S COMPLAINT
AND JURY CLAIM

1. PARTIES

1. The defendant admits the allegations in Paragraph No. 1 of Part 1.

2. The defendant admits the allegations in Paragraph No. 2 of Part 1.

2. JURISDICTION

The defendant admits that jurisdiction is proper.

3. FACTS

1. The defendant denies the allegations in Paragraph No. 1 of Part 3.

2. The defendant denies the allegations in Paragraph No. 2 of Part 3.

3. The defendant denies the allegations in Paragraph No. 3 of Part 3.

4. The defendant is without sufficient information to either admit or deny the allegations in Paragraph No. 4 of Part 3.

5. The defendant denies that the first amendment over-rides a

general kind of medical doctor in plaintiff's circumstance.

6. Defendant admits that the First Amendment cites religious freedom but denies that the first amendment allows the plaintiff to act as her own doctor in order to obtain handicapped housing or that her religion requires her to do so.

### AFFIRMATIVE DEFENSES

#### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Defendant says that the Plaintiff's claims fail to state a claim upon which relief may be granted.

#### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Defendant says that if the Plaintiff sustained damages, as alleged in the complaint, such damages were caused by the intervening and superseding acts of a third person, which acts the defendant did not and reasonably could not foresee.

#### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Defendant states that the conduct of the Plaintiff contributed to and was a cause of any damages as alleged and such damages, if any, should be diminished in accordance with M.G.L. c.231, §85, as amended.

#### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The defendant's alleged conduct is protected by the First Amendment of the U.S. Constitution and other provisions thereof.

#### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Defendant says that the action was not commenced within the time required by the applicable statute of limitations, and, therefore, Plaintiff's claim should be barred.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred by the doctrine of soverign immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

If the plaintiff was damaged as alleged, such damage was caused by a third party over whom defendant has no direction or control and whose conduct the defendant did not and could not reasonably foresee.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The complaint should be dismissed for failure to provide proper service.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The plaintiff's complaint is barred by the doctrine of res judicata.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate her alleged damages.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff failed to exhaust his administrative and contractual remedies.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The defendant performed a discretionary function and is immune from liability for the claims asserted.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are overridden by a compelling state interest.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The defendant's conduct is protected by an absolute and/or

qualified privilege.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against defendant are barred, in whole or in part, who are sued in their individual and official capacities because these defendant's are immune from liability because their alleged conduct was exclusively ministerial and/or involved official functions concerning exercise of discretion and/or expert judgment.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant sued in their individual and official capacities are barred, in whole or in part, because the defendants were acting within the scope of their employment at all times.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

The complaint should be dismissed for plaintiff's insufficiency of process and insufficiency of service of process.

WHEREFORE, the Defendant, Sharlene Palmachuk, request that the Plaintiff's complaint be dismissed and that defendant be awarded her costs, disbursements and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

### JURY DEMAND

The defendant, Sharlene Palmachuk, demand a trial by jury on all issues raised herein.

The Defendant, Sharlene Palmachuk
by her attorney,

                                   _____
                                   Maureen Reilly, Esq.
                                   BBO #555369
                                   33 Kingston Street
                                   Boston, MA 02111
                                   (617) 338-2144

DATED: 3/9/05


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on Maureen Hurley 72 Central Street #3 Peabody, MA by first class mail on 3/9/05

_____